UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 04-038 T

RYAN BILBY :

MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582( c )(2)
AND U.S.S.G. §§ 1B1.10, 2D1.1

NOW comes the defendant, Ryan Bilby, and moves that this Honorable Court reduce his sentence pursuant to the provisions of 18 U.S.C. § 3582( c )(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. In further support of this motion, the defendant hereby incorporates by reference the attached memorandum of law in support of motion for sentence reduction.

RYAN BILBY,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Stephen Dambruch, AUSA and on Kristin Mattias, USPO on the 27th day of December, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 04-038 T

RYAN BILBY :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582( c )(2)
AND U.S.S.G. §§ 1B1.10, 2D1.1

The defendant, Ryan Bilby, and moves that this Honorable Court reduce his sentence pursuant to the provisions of 18 U.S.C. § 3582( c )(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. In further support of this motion, the defendant states that:

1. On January 14, 2005, he was sentenced to a term of 66 months imprisonment after having pled guilty to a charge of possession of cocaine base with intent to distribute.

2. This sentence represented a variance from the applicable advisory sentencing guideline range of 87 to 108 months.

3. The Court grounded the variance based on the crack/powder disparity as well as on the defendant's low-level participation, his youth and the lack of any violence connected with the offense.

4. Based upon the amendments to U.S.S.G. § 2D1.1, effective as of the

date of November 1, 2007, the defendant's base offense level would be a level 32, a two level reduction from the level 34 specified in the PSR. See PSR at ¶ 14. The defendant's net offense level, given the amendment of U.S.S.G. § 2D1.1, would be level 27 yielding a range of 70 to 87 months.

5. The Court would then be permitted to factor into the defendant's sentence his low-level participation, his youth and the lack of violence, pursuant to 18 U.S.C. § 3553(a).

6. Finally, pursuant to the decision of the United States Supreme Court in Kimbrough v. United States, 76 U.S.L.W. 4023 (U.S. December 10, 2007), the Court may consider a further reduction in Mr. Bilby's sentence, as the Supreme Court observed that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Slip Op. at 21.

RYAN BILBY,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Stephen Dambruch, AUSA and on Kristin Mattias, USPO on the 27th day of December, 2007.

/s/ Edward C. Roy, Esquire